IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERRANCE D. CABALCE, ET AL.,<br><br>   Plaintiffs,<br><br>  vs.<br><br>VSE CORPORATION, ET AL.,<br><br>   Defendants. | CIVIL NO. 12-00373 JMS-RLP |
| GEORGE JOSEPH KELII, ET AL.,<br><br>   Plaintiffs,<br><br>  vs.<br><br>VSE CORPORATION, ET AL.,<br><br>   Defendants. | CIVIL NO. 12-00376 JMS-BMK |
| HEATHER FREEMAN, ET AL.,<br><br>   Plaintiffs,<br><br>  vs.<br><br>VSE CORPORATION, ET AL.,<br><br>   Defendants. | CIVIL NO. 12-00377 LEK-KSC |
| CHARLIZE LEAHEY IRVINE, ET AL.,<br><br>   Plaintiffs,<br><br>  vs.<br><br>VSE CORPORATION, ET AL.,<br><br>   Defendants. | CIVIL NO. 12-00391 SOM-BMK |

## FINDINGS AND RECOMMENDATION TO CHIEF DISTRICT JUDGE TO REASSIGN CASES[1]

On July 19, 2012, Defendant VSE Corporation ("VSE") filed four Motions to Consolidate Cases ("Motions to Consolidate"), which are currently pending before the undersigned magistrate judge. VSE requests an order consolidating for all purposes the following cases: (1) Terrance D. Cabalce et al. v. VSE Corporation, et al., Civil No. 12-00373 JMS-RLP; (2) George Joseph Kelii, et al. v. VSE Corporation, et al., Civil No. 12-00376 JMS-BMK; (3) Heather Freeman, et al. v. VSE Corporation, et al., Civil No. 12-00377 LEK-KSC; and (4) Charlize Leahey Irvine, et al. v. VSE Corporation, et al., Civil No. 12-00391 SOM-BMK (collectively "VSE Cases"). The VSE Cases were originally filed in the First Circuit Court, State of Hawaii, but were then removed by VSE to the instant federal Court.

On July 25, 2012, in the Cabalce matter, however, Plaintiffs Terrance D. Cabalce, Individually and as Personal Representative of the Estate of Bryan Dean Cabalce, and Gail S. Cabalce (collectively "Cabalce Plaintiffs") filed a Motion for Remand, alleging that this Court lacks subject matter jurisdiction over the Cabalce Plaintiffs' claims. See ECF No. 18. On July 26, 2012, the Cabalce Plaintiffs also filed a Motion

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

to Strike VSE's Third-Party Complaint against the United States of America, for among other reasons, the Court's lack of jurisdiction.  See ECF No. 19.  The Motion for Remand and Motion to Strike are currently pending before United States District Judge J. Michael Seabright.  As of the present date, none of the plaintiffs in the other three VSE Cases have filed similar motions for remand or strike.  Based on the following, and after careful consideration of the record established in this action, the Court HEREBY FINDS AND RECOMMENDS to Chief United States District Judge Susan Oki Mollway that the VSE Cases be REASSIGNED.

## ANALYSIS

Pursuant to 28 U.S.C. § 1447(c), the district court is required to remand state law claims where the court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  The court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).  "[L]ack of federal jurisdiction cannot be waived or overcome by agreement of the parties."  Id. at 966-67 (quoting Mitchell v. Maurer, 293 U.S. 237, 244 (1934)).  As a result, "[f]ederal courts have no power to consider claims for which they lack subject-matter jurisdiction."  Wang v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir.

1992) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)).

In light of the Cabalce Plaintiffs' Motion for Remand and Motion to Strike, the Court finds that it is inappropriate to decide the Motions to Consolidate prior to the District Judge's determination of whether this Court has subject matter jurisdiction. See Gong-Chun v. Aetna Inc., No. 1:09-01995, 2012 WL 2872788, at *2 (E.D. Cal. July 12, 2012) (holding motion to consolidate in abeyance until a final decision was issued on motion to remand); Fed. Nat'l Mortg. Ass'n v. Martinez, No. 11-07649, 2012 WL 253879, at *1 (C.D. Cal. Jan. 26, 2012) (issuing order to show cause why the case should not be remanded for lack of subject matter jurisdiction prior to decision of pending motion to consolidate); Tift v. Carter, No. 07-0020P, 2007 WL 1031722, at *1 (W.D. Wash. Apr. 3, 2007) (denying motion to consolidate as moot after determining *sua sponte* that court lacked subject matter jurisdiction). Therefore, the Court will hold the Motions to Consolidate in abeyance until the District Judge makes a final of whether this Court has subject matter jurisdiction over the VSE Cases.

However, pursuant to Local Rule 40.2, a court may reassign similar cases to a single judge when the cases

> involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties or property or subject matter, or the same or substantially identical questions of law, or for any other reason said cases could be more expeditiously handled if they were all heard by the same judge.

4

LR 40.2.  The reassignment must be made by the chief district judge or another district judge appointed by the chief district judge in charge of the assignment of cases.  Id.  After reviewing the four cases, the Court finds that the parties, issues, and facts are substantially related such that the interests of judicial economy would be best served by adjudicating the matters by a single judge.  In particular, the Court is concerned that, given the similarity of the cases, which are wrongful death actions arising out the same incident, there could be inconsistent rulings by different district judges should the plaintiffs in the other three VSE Cases file similar motions to remand.  Therefore, the Court recommends to Chief United States District Judge Susan Oki Mollway that the VSE Cases be reassigned to United States District Judge J. Michael Seabright and referred to the undersigned magistrate judge.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS to Chief United States District Judge Susan Oki Mollway that the following four cases be reassigned to United States District Judge J. Michael Seabright and referred to the undersigned magistrate judge: (1) Terrance D. Cabalce et al. v. VSE Corporation, et al., Civil No. 12-00373 JMS-RLP; (2) George Joseph Kelii, et al. v. VSE Corporation, et al., Civil No. 12-00376 JMS-BMK; (3) Heather Freeman, et al. v. VSE Corporation, et al., Civil No. 12-00377 LEK-KSC; and (4) Charlize Leahey Irvine,

et al. v. VSE Corporation, et al., Civil No. 12-00391 SOM-BMK. The Court will hold the Motions to Consolidate Cases, filed on July 19, 2012, in abeyance until the District Judge makes a final determination of whether this Court has subject matter jurisdiction over these cases.

    IT IS SO FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAII, JULY 31, 2012.



    Richard L. Puglisi
    United States Magistrate Judge

CABALCE, ET AL. V. VSE CORP., ET AL., CIVIL NO. 12-00373 JMS-RLP; KELII, ET AL. V. VSE CORP., ET AL., CIVIL NO. 12-00376 JMS-BMK; FREEMAN, ET AL. V. VSE CORP., ET AL., CIVIL NO. 12-00377 LEK-KSC; IRVINE, ET AL. V. VSE CORP., ET AL., CIVIL NO. 12-00391 SOM-BMK; FINDINGS AND RECOMMENDATION TO CHIEF DISTRICT JUDGE TO REASSIGN CASES